IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD F. CHIARELLO,<br><br>           Plaintiff,<br><br>     v.<br><br>ING GROEP NV, a Netherlands corporation,<br><br>           Defendant.<br>_____/ | No. C 04-1076 CW<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT |

Plaintiff Donald F. Chiarello moves for leave to file a second amended complaint (SAC), in order (1) to withdraw his identification of his claim as within maritime and admiralty jurisdiction and (2) to add allegations of bad faith conduct so as to permit recovery of attorneys' fees. Defendant ING GROEP NV opposes the motion.

The matter was heard on July 15, 2005. Having considered all of the papers filed by the parties and oral argument on the motion, the Court grants Plaintiff's motion.

BACKGROUND

This case involves a dispute over denial of coverage under a marine insurance policy. Plaintiff is a resident of Colorado. First Amended Complaint (FAC) ¶ 3. Defendant is a Netherlands corporation with its principal place of business in Amsterdam.

Id.

Defendant issued Plaintiff an insurance policy to cover his wooden sailing schooner, the ATTU. The policy application provided that its terms would be governed by Florida law. FAC, Ex. A, Insurance Application at 2. The insurance policy agreement provided that dispute would be adjudicated according to substantive federal admiralty laws, or New York law if no federal admiralty precedent exists. FAC, Ex. B, Insurance Agreement at 12. Both the application and agreement list Plaintiff's residence as Annapolis, Maryland.

The ATTU later sank off the South China Sea and was declared a total loss. Defendant denied Plaintiff's claim for benefits, on the grounds that he had breached a condition in the application for the policy prohibiting single-handed operation of the vessel.

Plaintiff originally filed his complaint _in propria persona_ on March 17, 2004, alleging one cause of action for recovery of sums due under the maritime insurance policy. In the second paragraph of the complaint, Plaintiff alleged that jurisdiction existed based on diversity and also under Federal Rule of Civil Procedure 9(h), which provides that claims "within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim." Defendant answered and brought counterclaims seeking a declaratory judgment voiding the policy. At the same time, Defendant agreed to the dismissal of an action it had brought against Plaintiff for declaratory judgment in the

1  District of Maryland.  Gendell Decl., Ex. 4, April 12, 2004
2  Stipulation of Dismissal.
3      On July 22, 2004, Plaintiff, still *in pro per*, moved to
4  amend his complaint to allege three additional State law causes
5  of action, including breach of contract, breach of the implied
6  covenant of good faith and fair dealing, and unfair and deceptive
7  trade practices.  Plaintiff demanded a jury trial for the
8  additional claims only.  Defendant opposed the motion to amend.
9  The Court permitted Plaintiff to file a FAC, but struck the
10 proposed second count for breach of contract as redundant.
11 September 17, 2004 Order Granting Motion for Leave to Amend
12 Complaint and Striking Count Two.
13     Defendant then moved to dismiss the FAC's claims for breach
14 of the implied covenant and unfair and deceptive trade practices.
15 Plaintiff, who had by then obtained representation, did not
16 oppose the motion with respect to his unfair trade practices
17 claim, and the Court dismissed that claim with prejudice.
18 Plaintiff did oppose dismissal of his claim for breach of the
19 implied covenant; the Court dismissed it without prejudice.
20 December 3, 2004 Minute Order.  The Court later approved a
21 stipulation by the parties clarifying that the Court's order
22 meant that if Florida law were found to apply and Plaintiff were
23 to prevail on his breach of contract claim, he would be permitted
24 to file a separate lawsuit asserting a statutory claim of bad
25 faith.  February 7, 2005 Stipulation.  The Court has since
26 ordered that the choice of law issues will not be addressed until
27 the summary judgment motion briefing.  June 2, 2005 Scheduling
28

1  Order.
2      Plaintiff now seeks to file a SAC.  The proposed SAC brings
3  only the surviving claim for breach of contract.  However,
4  Plaintiff seeks to withdraw his prior Rule 9(h) statement
5  identifying this claim as within admiralty or maritime
6  jurisdiction, leaving only diversity as a basis for jurisdiction,
7  and to demand a jury trial on his claim.  Plaintiff also seeks to
8  add additional allegations of bad faith in order to support a
9  claim for attorneys' fees.

## LEGAL STANDARD

11     Federal Rule of Civil Procedure 15(a) provides that leave to
12 amend a pleading "shall be freely given when justice so
13 requires."  Leave to amend lies within the sound discretion of
14 the trial court, which discretion "must be guided by the
15 underlying purpose of Rule 15 to facilitate decision on the
16 merits, rather than on the pleadings or technicalities."  United
17 States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations
18 omitted).  Thus, Rule 15's policy of favoring amendments to
19 pleadings should be applied with "extreme liberality."  Id.; DCD
20 Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)
21 (citations omitted).
22     The Supreme Court has identified four factors relevant to
23 whether a motion for leave to amend should be denied: undue
24 delay, bad faith or dilatory motive, futility of amendment, and
25 prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178,
26 182 (1962).  The Ninth Circuit holds that these factors are not
27 of equal weight; specifically, delay alone is insufficient ground

4

1  for denying leave to amend.  <u>Webb</u>, 655 F.2d at 980.  Further, the
2  "liberality in granting leave to amend is not dependent on
3  whether the amendment will add causes of action or parties."  <u>DCD</u>
4  <u>Programs</u>, 833 F.2d at 186.  Rather, the court should consider
5  whether the proposed amendment would cause the opposing party
6  undue prejudice, is sought in bad faith, or constitutes an
7  exercise in futility.  <u>Id.</u> (citing <u>Acri v. Int'l Ass'n of</u>
8  <u>Machinists & Aerospace Workers</u>, 781 F.2d 1393, 1398-99 (9th Cir.
9  1986); <u>United States v. City of Twin Falls</u>, 806 F.2d 862, 876
10 (9th Cir. 1986); <u>Howey v. United States</u>, 481 F.2d 1187, 1190-91
11 (9th Cir. 1973); <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.</u>
12 <u>Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983)).

13     Prejudice typically arises where the opposing party is
14 surprised with new allegations which require more discovery or
15 will otherwise delay resolution of the case.  <u>See, e.g.</u>, <u>Acri</u>,
16 781 F.2d at 1398-99; <u>Guthrie v. J.C. Penney Co.</u>, 803 F.2d 202,
17 210 (5th Cir. 1986).  The party opposing the motion bears the
18 burden of showing prejudice.  <u>DCD Programs</u>, 833 F.2d at 186;
19 <u>Beeck v. Aquaslide 'N' Dive Corp.</u>, 562 F.2d 537, 540 (8th Cir.
20 1977).

                              DISCUSSION

22     Defendant opposes the motion to file a SAC on grounds of
23 futility and prejudice, specifically that (1) under any
24 potentially applicable law, Plaintiff cannot maintain a claim for
25 bad faith and (2) Plaintiff's proposed demand for a jury trial is
26 ineffective and prejudicial.  These issues are addressed in turn.

1    Defendant's first objection rests on its misapprehension
2 that Plaintiff seeks to add a new cause of action for "bad
3 faith."  Instead, the proposed SAC brings only the single,
4 surviving breach of contract claim; Plaintiff intends the
5 allegations regarding bad faith to support a request for
6 attorneys' fees.  Plaintiff does not request punitive damages.
7 The availability of attorneys' fees may depend on the applicable
8 law, but that issue will not be decided until summary judgment,
9 at the earliest.  Therefore, Defendant has not shown that
10 Plaintiff's proposed amendments are futile.
11    Second, Defendant argues that by originally electing the
12 Court's admiralty jurisdiction under Rule 9(h), Plaintiff has
13 waived his right to a jury trial.
14    Defendant's argument runs counter to the express language of
15 Rule 9(h).  Rule 9(h) contemplates that pleadings electing to
16 identify a claim within admiralty and maritime jurisdiction may
17 be later amended to withdraw such an identifying statement, and
18 specifies that such a proposed amendment "is governed by the
19 principles of Rule 15."
20    Defendant argues that withdrawal of Plaintiff's Rule 9(h)
21 election would necessarily result in the forfeiture of any right
22 to a jury trial on the newly-designated State law claim.
23 However, the two cases cited by Defendant are entirely
24 inapposite.  In Pacific Tall Ships v. Kuehne & Nagel, Inc., 2000
25 WL 283918, 2000 A.M.C. 1152 (N.D. Ill. 2000), the plaintiff
26 clearly intended to bring its claims in admiralty, and then
27 demanded a jury trial without revoking its Rule 9(h) election.
28

1  Similarly, the issue in <u>Foulk v. Donjon Marine Co., Inc.</u>, 144
2  F.3d 252, 255-257 (3rd Cir. 1998), was whether the plaintiff had
3  sufficiently alleged admiralty jurisdiction so as to grant the
4  appellate court jurisdiction to hear an interlocutory appeal; the
5  court expressly did not consider the implications of its order on
6  the plaintiff's demand for a jury trial.  <u>Id.</u> at n.7.  Here, in
7  contrast, Plaintiff intends to revoke his election of admiralty
8  jurisdiction without taking any advantage of admiralty
9  procedures.  The cases upon which <u>Pacific Tall Ships</u> and <u>Foulk</u>
10 rely likewise do not support Defendant's argument.
11       Defendant suggests that it faces undue prejudice if
12 Plaintiff is allowed to withdraw his Rule 9(h) identification
13 because Defendant relied upon Plaintiff's admiralty election when
14 it made its decisions not to contest jurisdiction and venue in
15 California and to dismiss its first-filed Maryland declaratory
16 judgment action.  Otherwise, Defendant contends, it would have
17 successfully moved to dismiss or transfer based on Plaintiff's
18 lack of connection with this forum.  Instead, Defendant relied on
19 its successful motion to dismiss the State law claims against it.
20
21       Defendant has shown no justifiable basis for its assumption
22 that Plaintiff would not withdraw his Rule 9(h) identification.
23 Plaintiff's original complaint clearly set forth a claim for
24 relief alleging both admiralty and diversity jurisdiction.
25 Defendant has not shown that Plaintiff has subsequently availed
26 himself of the advantages of his admiralty and maritime election,
27 e.g., taking an interlocutory appeal available only to claims in
28

admiralty.  See <u>Ghotra v. Bandila Shipping, Inc.</u>, 113 F.3d 1050, 1058 (9th Cir. 1997) (holding plaintiffs entitled to jury trial on both common law and <u>in rem</u> admiralty claims where plaintiffs did not introduce a new jurisdictional basis in the midst of litigation or utilize the advantages of admiralty procedures).  Therefore, the Court will allow Plaintiff to file the proposed SAC.  The Court will give Defendant the opportunity to cure any prejudice, however, by entertaining an otherwise untimely motion to transfer the case based on Plaintiff's lack of connection to this forum.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend his complaint (Docket No. 69). Plaintiff may file the proposed SAC within one week of the date of this order.  Defendant may file a motion to transfer the action within two weeks after the filing of the SAC.

IT IS SO ORDERED.

Dated:   7/21/05                          /s/ CLAUDIA WILKEN
                                         CLAUDIA WILKEN
                                         United   States   District
                                         Judge