E. Gerard Mannion (State Bar # 77287)
Wesley M. Lowe (State Bar # 111761)
Rachel S. Gendell (State Bar # 184710)
MANNION & LOWE
655 Montgomery Street, Suite 1200
San Francisco, California 94111
Telephone: (415) 733-1050
Facsimile: (415) 434-4810

Attorneys for Plaintiff
DONALD F. CHIARIELLO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD F. CHIARIELLO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ING GROEP, NV.,<br><br>　　　　Defendant. | Case No. 04-CV-01076-CW<br><br>STIPULATION REGARDING PLAINTIFF'S SECOND AMENDED COMPLAINT |

The parties hereby stipulate to the following:

1. Plaintiff agrees to proceed, in this action, under maritime and admiralty jurisdiction under 28 U.S.C. §1333 and pursuant to FRCP Rule 9(h), thereby waiving his right to proceed under diversity jurisdiction and his right to a jury trial.

2. Plaintiff may file the Second Amended Complaint attached hereto as Exhibit 1.

3. Defendant agrees to and accepts venue in the Northern District of California.

4. Defendant hereby waives any right it may have to file a Motion to Transfer this action.

///

///

///

5.  Defendant agrees to respond plaintiff's Second Amended Complaint within twenty (20) days of the complaint being filed and served by fax.

Dated: July 25, 2005

MANNION & LOWE
A Professional Corporation

By: *Rachel S. Gendell*
Rachel S. Gendell
Attorneys for Plaintiff,
Donald Chiariello

Dated: July 26, 2005

LAW OFFICES OF STEVEN GOLDMAN

COX, WOOTTON, GRIFFIN, HANSEN & POULOS

By: *Rupert Hansen*
Rupert Hansen
Attorneys for Defendant,
ING Groep, NV

ORDER

It is so ordered.

Dated: ~~July ___, 2005~~
8/10/05

Hon. Claudia Wilken
U.S. District Court, ND Cal

IT IS SO ORDERED
*Claudia Wilken*
Judge Claudia Wilken

2

1  E. Gerard Mannion (State Bar # 77287) gmannion@sbcglobal.net
   Wesley M. Lowe (State Bar # 111761) wlowe@sbcglobal.net
2  Rachel S. Gendell (State Bar # 184710) rgendell@sbcglobal.net
   MANNION & LOWE
3  655 Montgomery Street, Suite 1200
   San Francisco, California 94111
4  Telephone: (415) 733-1050
   Facsimile: (415) 434-4810
5
   Attorneys for Plaintiff
6  DONALD F. CHIARIELLO

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11 DONALD F. CHIARIELLO,           ) Case No. 04-CV-01076-CW
                                   )
12          Plaintiff,             )
                                   ) SECOND AMENDED COMPLAINT FOR
13 v.                              ) BREACH OF CONTRACT
                                   )
14 ING GROEP, NV.,                 )
                                   )
15          Defendant.             )
                                   )
16 _____ )

17 Plaintiff alleges:

18                        **JURISDICTION**

19      1.   The Court has jurisdiction to hear this case under 28 USC §1333, admiralty or
20 maritime jurisdiction.

21      2.   This is an admiralty and maritime cause with in the meaning of Federal Rules of Civil
22 Procedure Rule 9(h).

23                           **VENUE**

24      3.   Venue is proper in the United States District - Northern District of California.
25 Defendant has agreed to venue here.

26 ///

                                    1                    EXHIBIT NO. 1

---

Second Amended Complaint                              Case No. 04-CV-01076-CW

## GENERAL ALLEGATIONS

4. Plaintiff is a U.S. citizen. He is currently a resident and citizen of the state of Colorado.

5. : Defendant ING GROEP, NV (hereinafter ING) is a corporation and business engaged in the business of insurance, including but not limited to, issuance of insurance policies, claims administration, claims adjusting, claims handling, and providing insurance coverage.

6. Plaintiff is informed and believes and thereon alleges that defendant, at all times relevant, was and is a corporation organized and existing under the law of the Netherlands, with its office and principal place of business in the Netherlands.

7. Plaintiff purchased insurance to cover his wooden sailing vessel, the "ATTU", from defendant. To do so, he submitted various documents including an original application and two renewal forms.

8. Plaintiff accurately and truthfully answered each question in each application and renewal form, and provided all information requested by defendant.

9. Defendant issued a policy of insurance to plaintiff which covered plaintiff for all damages and losses alleged herein. A true copy of the policy is attached herein as Exhibit A. Plaintiff duly paid the premium required. The copy of the policy sent to plaintiff did not have any application or renewal form attached to it.

10. The policy provided $160,000 in coverage for the vessel itself, and $3,000 of coverage for personal property that was on board.

11. At all times relevant, plaintiff performed all of the obligations required under the policy of insurance including, but not limited to, paying premiums, providing information, and otherwise performing in accordance with the terms and conditions of the insurance policy.

12. On or about October 12, 2003, the ATTU sank, suddenly, and without warning, in the waters in the South China Sea, within sight of the coast of Malaysia and approximately 12 miles

north of the Singapore Strait. Plaintiff was alone on the vessel. The ATTU did not sink because it was unseaworthy.

13. Plaintiff promptly informed defendant of the loss. Defendant declared the ATTU a total loss. The vessel was never recovered.

14. In addition to the loss of the vessel, plaintiff also lost his personal property on board.

15. Plaintiff demanded that defendant pay all sums due under the policy of insurance, including the $163,000 in coverage for the property losses.

16. Defendant hired Wager & Associates, a marine surveying firm, to investigate the loss. Wager & Associates concluded that the vessel had an adequate crew for the voyage at the time it sank, the vessel was seaworthy at the time of the loss, and the fact plaintiff was alone on the ATTU when it sank did not contribute to or cause the loss. Wager & Associates recommended paying the claim. An ING representative or employee who reviewed the claim also stated he thought the claim should be paid.

17. Despite this, defendant denied plaintiff's claim and has failed and refused to pay any sums due and owing.

18. Defendant acted in bad faith in its denial of this claim because it did not have legitimate grounds for the denial. Defendant's actions constitute a gross disregard for its policy obligations. The facts did not support denial of the claim. ING's own marine surveyor said the claim should be paid, as did at least one ING representative or employee who reviewed the claim. The denial is predicated on a phrase contained in a block of boilerplate in the second renewal form that has no applicability to the particular policy at issue here. Defendant is also denying the claim on other grounds it knows are not justified by the facts or the law.

19. As a result of defendant's bad faith denial of this claim, and the counter-claims filed in this action, plaintiff was required to hire attorneys to represent him, and incur attorneys fees and costs. The fees are calculated as a percentage of the recovery.

///

Second Amended Complaint                                                                 Case No. 04-CV-01076-CW

## CLAIM FOR RELIEF
## FOR BREACH OF CONTRACT

20. Plaintiff incorporates all the General Allegations herein.

21. Defendant, by their duly authorized employees, representatives, and/or agents, provided plaintiff a policy of insurance, which provided coverage for the property, losses, and claims described above. None of the limitations, exclusions, warranties, applications, renewals, or provisions of the policy barred or limited coverage for the loss of the ATTU.

22. Plaintiff performed all obligations required under the policy of insurance.

23. Plaintiff demanded that he be paid for the losses and damages he suffered as a result of the sinking ATTU. Defendant has refused to pay any amount due.

24. None of the reasons given by defendant justify denying the claim. The denial was in bad faith as explained above.

25. Defendant breached the policy by failing to pay all amounts due under the policy for the damages and/or losses sustained by plaintiff including, the loss of the vessel, and the loss of plaintiff's personal property.

## **RELIEF REQUESTED**

26. Plaintiff suffered damages and losses as a result of defendant's breaches of contract. These damages include loss of the contract benefits of $163,000, pre-judgment and post-judgment interest, costs, expenses, and attorneys fees.

27. Plaintiff is entitled to recover attorneys fees for the breach of contract under the applicable statutes and/or case law.

WHEREFORE, plaintiff prays for judgment as follows:

1. For special damages according to proof, including all contract benefits;
2. For general and consequential damages according to proof;
3. For attorneys fees and litigation costs and expenses according to proof;
4. For pre and post-judgment interest on all damages to the extent permitted by law;

4

5. For costs of suit herein incurred;

6. For such other and further relief as the Court may deem proper.

Dated: July 20, 2005

MANNION & LOWE
A Professional Corporation

By: ___***Draft Pleading***___
E. Gerard Mannion
Attorneys for Plaintiff
DONALD F. CHIARIELLO

Second Amended Complaint                                              Case No. 04-CV-01076-CW